**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CARLISCRIL LESTER JOHNSON,          )     No. CV 10-03 DDP(CW)
                                    )
                  Petitioner,       )     ORDER OF DISMISSAL
                                    )
          v.                        )
                                    )
DEPARTMENT OF CORRECTIONS,          )
et al.,                             )
                                    )
                  Respondents.      )
_____     )

     For reasons stated below, the petition is dismissed without prejudice.

                          **DISCUSSION**

     On January 4, 2010, Petitioner Carliscril Lester Johnson, a prisoner at the California Institution for Men at Chino, filed the instant <u>pro se</u> Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254)("Petition").  Petitioner has designated a parole problem as the basis for the petition. [Petition at 2.]  Although the Petition appears to raise five

                              -1-

grounds for federal habeas corpus relief, they are wholly unintelligible. [Petition at 5-6.] Moreover, the Petition leaves blank all questions regarding the case's procedural history, including inquiries as to whether the claims asserted were previously presented on direct or collateral review in the state courts. [Petition at 2-5.] The Petition includes multiple attachments, including a record indicating that Petitioner was arrested for a parole violation on October 2, 2009, for resisting arrest; on October 22, 2009, at a revocation hearing, Petitioner's parole was revoked, and he was returned to custody for five months. Most of the remaining attachments are partially obscured or unintelligible.

Because of the incomprehensibility of the current Petition and attachments, the court cannot determine the grounds Petitioner is asserting on federal habeas review. Although it appears that Petitioner seeks to challenge the revocation of his parole in October 2009, it is impossible to discern from the Petition, even when construed liberally, the factual and legal basis for such claims. Accordingly, the Petition is subject to summary dismissal as legally frivolous.[1] See Local Rules Governing Duties of

---

[1] Petitioner has filed several previous actions that have been dismissed or denied for unintelligibility and other defects. [See Case No. CV 03-9500 UA (JWJ)(in forma pauperis application denied for inadequate showing of indigency); CV 03-388 DDP (JWJ)(habeas petition summarily dismissed for unintelligiblity); CV 05-3489 DDP (JWJ)(civil rights complaint dismissed without prejudice for failure to file amended complaint naming proper defendant); CV 06-5568 DDP (JWJ)(civil rights complaint dismissed with prejudice when it "continues to be unintelligible" after two prior leaves to amend); CV 06-1088 DDP (JWJ)(habeas petition summarily denied for unintelligibility); CV 07-555 UA (JWJ)(in forma pauperis application denied as legally and/or factually

Magistrate Judges (C.D. Cal.), Rule 3.2.2 (summary dismissal by presented order); <u>Jackson v. Arizona</u>, 885 F.2d 639, 641 (9th Cir. 1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984); <u>see also Quackenbush v. Tilton</u>, No. 07-CV-0413 W (WMC), 2008 WL 183710 at *7 (S.D. Cal. Jan. 18, 2008)(rejecting habeas petitioner's reliance on attachments to present claim because the court "would have to engage in a tenuous analysis in order to attempt to identify and make sense" of the claim and petitioner "has failed to state facts, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted")(emphasis in original). Moreover, because it is evident that none of the claims Petitioner purports to assert here were exhausted in state court, it would be futile to grant Petitioner leave to amend the Petition to clarify his claims. 28 U.S.C. § 2254(b); <u>see Quackenbush</u>, 2008 WL 183710 at *4 (noting exhaustion requirement for parole revocation claims on federal habeas review (<u>citing Rose v. Lundy</u>, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed 2d 379 (1982)).

---

patently frivolous); CV 07-560 UA (JWJ)(in forma pauperis application denied for failure to provide certified copy of trust fund statement for last six months); CV 07-2086 UA (DUTY)(in forma pauperis application denied for failure to submit accompanying complaint or petition); CV 07-102 DDP (JWJ)(habeas petition summarily dismissed for unintelligibility); CV 07-422 DDP (JWJ)(habeas petition summarily dismissed for unintelligibility); CV 07-5465 UA (JWJ)(in forma pauperis application denied as legally and/or factually patently frivolous, for unintelligibility, and repeated filings that are "utterly indecipherable"); CV 09-5600 DDP (CW)(habeas petition summarily dismissed for unintelligibility).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDERS:**

Accordingly, the present Petition is **SUMMARILY DISMISSED**.  The Clerk of the Court shall serve this Order and the Judgment herein on petitioner.


DATED: February 24, 2010

_____
      DEAN D. PREGERSON
United States District Judge

Presented by:
Dated: January 8, 2010


_____
      CARLA M. WOEHRLE
United States Magistrate Judge

-4-